UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

IN RE:

DEMETRIOS O HUGGINS and
KIMBERLY HUGGINS

Debtors.

Hearing Time: 9:15 a.m.
Hearing Place: Albany
Hearing Date: February 6, 2014

Chapter 13
Case No. 10-14497

**MOTION FOR AN ORDER MODIFYING DEBTORS' CHAPTER 13 PLAN
PURSUANT TO 11 U.S.C. §1329**

Demetrios O Huggins and Kimberly Huggins (the "Debtors"), by and through their attorneys, O'Connor, O'Connor, Bresee & First, P.C. (Michael J. O'Connor, Esq.), respectfully represents the following in support of their motion for an order pursuant to 11 U.S.C. §1329 modifying their previously-confirmed Chapter 13 Plan (the "Motion"):

1. The Debtors filed a voluntary petition for relief pursuant to Chapter 13 of the United States Bankruptcy Code on December 3, 2010 (the "Petition").

2. The Debtors' Chapter 13 Plan (the "Plan") was confirmed by Order of this Court dated May 4, 2011.

3. The Plan, as confirmed by this Court, provides for monthly Plan payments in the sum of $450.00 per month, for a term of 60 months, with a dividend to unsecured creditors of not less than 25% or $9,250.00.

4. Debtor Kimberly Huggins, lost her job in early May 2013. As a result the payroll deduction that was in effect was terminated.

5.   Debtors advised the undersigned that they requested prior counsel to initiate a payroll deduction from the Demetrios Huggins pay check but for reasons uncertain the payroll deduction was never implemented.

6.   Debtors have funded in $13,950.50 to date.

7.   The Court fixed liquidation value at $9,250.00 in the May 4, 2011 confirmation order.

8.   The unsecured claims filed in this case are $48,366.38. The liquidation value of $9,250.00 approximate dividend would be 19%. This modification seeks to modify the Plan to provide for payment of 19% or $9,250.00.

9.   Further modification may be filed in the future regarding calculation of the liquidation value as it may have included equity in a Chevy truck which the Debtors are paying outside the Plan however, it appears that the Sunmark Credit Union filed an secured claim based upon a line of credit and cross collateralization agreement for $4,954.00 of which $4,307.00 has been paid to date. The undersigned has inquired of the Trustee's Office to determine the extent, if any, that equity in the Chevy truck was calculated in the liquidation value as it appears that based upon the secured cross collateralization claim there would have been no equity in the vehicle.

10.   The undersigned has reviewed the docket in this case as well as orders relating to objections to exemptions and confirmation orders.

11.   I have also reviewed periodic reports to determine status of payments. I have conferred with my clients and I have filed opposition to a motion to dismiss. In addition, I have prepared this instant motion to modify the Plan. I have also corresponded with counsel of secured creditors as well as the Chapter 13 Trustee on issues relating to the Chapter 13 Plan. It is anticipated that there will be at least two court appearances in connection with the Trustee's motion to dismiss and the modification. It is respectfully requested an additional administrative claim of $890.00 be paid inside the Plan. Based upon the foregoing, it is respectfully requested that the modification be approved.

12. With this Motion, the Debtors seek an order modifying the Plan as follows. To the extent there have been any post petition defaults they shall be deemed waived and payments shall resume in the sum of $450.00 in January of 2014. The Plan shall continue for sixty (60) months from date of confirmation of the Plan. The dividend shall be not less than 19% or the liquidation value fixed by the Court in the confirmation order at $9,250.00, whichever is greater.

In addition, Michael J. O'Connor, Esq. is hereby and in all respects allowed an additional administrative claim in the sum of $890.00 to be inside the Plan for services rendered in connection with the Motion.

WHEREFORE, based upon the foregoing, it is respectfully requested that this Court issue an Order (1) permitting the Debtors to modify the Plan; and (2) granting such other and further relief as this Court deems just and proper.

DATED:    January 7, 2014                O'CONNOR, O'CONNOR,
                                          BRESEE & FIRST, PC

                                          By:/s/ Michael J. O'Connor
                                             Michael J. O'Connor, Esq.
                                          Attorneys for the Debtors
                                          20 Corporate Woods Boulevard
                                          Albany, NY 12211
                                          Telephone (518) 465-0400